# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF RANDAL A. DESHAZER, BAR NO. 2337.

No. 72229

FILED

JUN 27 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY.
CHIEF DEPUTY CLERK

## ORDER APPROVING CONDITIONAL GUILTY PLEA AGREEMENT

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Randal A. DeShazer. Under the agreement, DeShazer admitted to violations of RPC 1.4 (communication), RPC 1.5 (fees), RPC 1.15 (safekeeping property), RPC 7.1 (communications concerning a lawyer's services), RPC 8.4(a) (misconduct – attempting to violate RPCs), RPC 8.4(c) (misconduct – misrepresentation), and RPC 8.4(d) (misconduct – prejudicial to administration of justice). The agreement provides for a nine-month suspension, the payment of $250 to DeShazer's client, the completion of six Continuing Legal Education (CLE) credits in the area of solo practice and/or law office management during the suspension term, and the payment of the costs of the disciplinary proceedings.

DeShazer has admitted to the facts and violations alleged in the complaint. The record therefore establishes that DeShazer violated the above-referenced rules by advertising his services while suspended from the practice of law, inaccurately indicating in his advertisement that he was facing no discipline other than his failure to pay fees, accepting a client and a $250 retainer while guaranteeing that his license would be reinstated soon and that he would return the retainer if it was not, failing

to return the retainer when his license was not timely reinstated, and failing to communicate with the client.

In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating and mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008). DeShazer violated duties owed to his client (communication, safekeeping of property, communications concerning a lawyer's services, and engaging in conduct involving dishonesty or fraud) and the profession (attempt to violate RPCs and conduct prejudicial to administration of justice). The admitted violations reflect knowing or intentional misconduct. The client was harmed because he relied on DeShazer's assertion that he would be reinstated by a certain date and his assertion that he was not subject to any discipline other than the non-payment of fees. The client was also harmed because he received no service from DeShazer in exchange for his $250. There are five aggravating circumstances (prior disciplinary offenses, dishonest and selfish motive, vulnerability of the victim, substantial experience in the practice of law, and failure to make restitution) and two mitigating circumstances (personal and emotional problems and cooperative attitude). SCR 102.5.

Based on the most serious instance of misconduct at issue, *see* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards* 452 (Am. Bar Ass'n 2015) ("The ultimate sanction imposed should at least be consistent with the sanction for the most serious instance of misconduct among a number of violations."), the baseline sanction before considering aggravating and mitigating circumstances is suspension, *see id.* Standard 4.62 ("Suspension is generally appropriate when a lawyer knowingly deceives a

SUPREME COURT
OF
NEVADA

(O) 1947A

2

client and causes injury or potential injury to a client."); Standard 7.2 ("Suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system."). Considering the duties violated, the injury caused by DeShazer's misconduct, and the aggravating and mitigating circumstances, we conclude that the guilty plea agreement should be approved. *See* SCR 113(1).

Accordingly, we hereby suspend attorney Randal A. DeShazer from the practice of law in Nevada for a period of nine months. During his suspension, DeShazer shall complete six CLE credits in the area of solo practice and/or law office management and he shall report those CLE credits directly to the Office of Bar Counsel. Further, DeShazer shall pay Ervin Middleton $250 within 30 days from the date of this order, if he has not already done so. DeShazer shall also pay the costs of the disciplinary proceedings, plus fees in the amount of $2,500, within 90 days from the date of this order. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____, C.J.
Cherry

_____, J.
Douglas

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Stiglich

cc:    Chair, Southern Nevada Disciplinary Board
Randal Alan DeShazer
C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, U.S. Supreme Court